IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION


EDDIE A. POINDEXTER                                              PETITIONER

v.                     NO. 3:20-cv-00009 DPM/PSH

DEXTER PAYNE                                                     RESPONDENT


FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In March of 2006, petitioner Eddie A. Poindexter ("Poindexter") pleaded guilty in Washington County Circuit Court case number CR 2005-1010-2 and was sentenced to a period of incarceration in the custody of the Arkansas Department of Correction. He did not appeal any aspect of his plea or sentence.[1]

In August of 2006, Poindexter filed a series of state court pleadings in which he challenged aspects of his conviction. See Docket Entry 11, Exhibit 3 at CM/ECF 13-19.[2] He concluded his first round of challenges in June of 2007. See Docket Entry 11, Exhibit 3 at CM/ECF 19.

In March of 2010, Poindexter began a second round of challenges to his conviction by filing a series of state court pleadings. See Docket Entry 11, Exhibit 3 at CM/ECF 19-37. He concluded that round of challenges in October of 2019. See Docket Entry 11, Exhibit 3 at CM/ECF 37.

---

[1] Arkansas Rule of Appellate Procedure-Criminal 1(a) provides that there is no direct appeal from a guilty plea. Although there are exceptions to the rule, see Canada v. State, 2014 Ark. 336, 439 S.W.3d 42 (2014), the exceptions were not present here.

[2] Respondent Dexter Payne summarized Poindexter's numerous state court pleadings. See Docket Entry 11 at CM/ECF 2-5. It is not necessary to reproduce the summary as the period during which the first round of challenges were pending will be excluded from the calculation of the one-year limitations period, and the period during which the second round of challenges were pending was well after the time he could have filed a timely petition pursuant to 28 U.S.C. 2254.

In January of 2020, Poindexter began the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he challenged his guilty plea and additionally maintained that the Washington County Circuit Clerk refused to file two notices of appeal. He conceded that his petition was untimely but asked that his late filing be excused because he suffers from severe mental impairments and is unable to read or write.

Respondent Dexter Payne ("Payne") filed a response to the petition. In the response, Payne maintained that the petition should be dismissed because it is barred by limitations; raises, in part, a state law claim; and contains claims that are procedurally barred from federal court review.

Before giving serious consideration to Payne's assertions, the undersigned accorded Poindexter an opportunity to file a reply. Poindexter took advantage of the opportunity by filing pleadings that were captioned or construed as a reply, an amended reply, an appeal of an amended error coram nobis, an amended petition, and notices to the court. See Docket Entry 15, 19-23, 26, 28-30, 32, 35, 37-38. In the pleadings, he again maintained, inter alia, that the untimely filing of the petition at bar should be excused because he suffers from severe mental impairments and has educational limitations.

A state prisoner has one year during which he may file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that one-year period, the petition is barred. 28 U.S.C. 2244(d) provides that the one-year period begins from the latest of one of four dates or events.

Payne asserts that the limitations period applicable to this case is found at 28 U.S.C. 2244(d)(1)(A), which provides that the one-year period begins on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.[3] He maintains that the one-year period began in April of 2006, or thirty days after the sentencing order was entered in CR 2005-1010-2. His position has merit and is adopted. The one-year period here began in April of 2006, and Poindexter had up to, and including, April of 2007 to file a timely petition pursuant to 28 U.S.C. 2254. Because he waited until January of 2020 to file the petition at bar, it is untimely. The only question is whether there is some reason for tolling the one-year period or excusing his untimely filing.

---

[3] 28 U.S.C. 2244(d)(1)(B) provides that the one-year period begins on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Section (C) provides that the one-year period begins on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Section (D) provides that the one-year period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." None of those sections are applicable in this instance.

28 U.S.C. 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. Although the provision affords Poindexter some benefit, it does not provide enough of a benefit and did not toll the one-year period for a sufficient amount of time.

In August of 2006, or approximately four months into the one-year period, Poindexter began filing a series of state court pleadings in which he challenged aspects of his conviction. For the sake of simplicity, the undersigned assumes, <u>arguendo</u>, that the pleadings were properly filed applications for state post-conviction or other collateral review, and the period during which the challenges were pending should be, and is, excluded from the calculation of the one-year period. He concluded the round of challenges in June of 2007, <u>see</u> Docket Entry 11, Exhibit 3 at CM/ECF 19, and he did nothing more in state court for another two and one-half years. The one-year period thus re-started in June of 2007 and continued to run for another eight months, concluding in either February or March of 2008. He did not file a petition pursuant to 28 U.S.C. 2254, though, until January of 2020. It is true he began a second round of challenges to his conviction in March of 2010 by filing a series of state court pleadings. By that time, though, the one-year period had expired.

Although 28 U.S.C. 2244(d)(2) affords Poindexter no meaningful benefit, the one-year period for filing a timely petition pursuant to 28 U.S.C. 2254 may be equitably tolled in appropriate cases. See Gordon v. Arkansas, 823 F.3d 1188 (8th Cir. 2016).

> … "Equitable tolling … asks whether federal courts may excuse a petitioner's failure to comply with federal timing rules, an inquiry that does not implicate a state court's interpretation of state law." … "[E[quitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief. …" … "The one-year statute of limitations may be equitably tolled 'only if [the movant] shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.' …

See Id., at 1195. [Citations and italics omitted].

Poindexter maintains that the one-year period should be equitably tolled because he suffers from severe mental impairments and cannot read or write. Although mental impairments and educational limitations may justify equitable tolling, equitable tolling is not justified here as Poindexter cannot show that an extraordinary circumstance stood in his way and prevented him from filing a timely petition. For the reasons that follow, he has failed to show that his mental impairments or educational limitations were so severe they prevented him from filing a timely petition.

First, as a part of a February 28, 2020, pleading in this case, Poindexter attached a copy of an August 21, 2000, forensic report prepared in connection with a prior criminal case. See Docket Entry 21 at CM/ECF 16-25. The report reflects that he was diagnosed with, inter alia, mild mental retardation. The report also reflects that he dropped out of school during his tenth grade year; was "generally placed in Special Education programs where he reported that he made A's and B's," see Docket Entry 21 at CM/ECF 18; and was believed to read at a fourth grade level.[4] Thus, while Poindexter clearly struggled in school and has educational limitations, his mental retardation was characterized as mild and he appears to have some ability to read.

Second, Poindexter filed multiple challenges to his conviction by means of state court pleadings. "The[] challenges included requests for error coram nobis relief, habeas corpus petitions, motions attacking his sentence as illegal, and a Rule 37 petition." See Docket Entry 11 at CM/ECF 6. It is not clear how his mental impairments or educational limitations did not prevent him from filing numerous challenges in state court but somehow prevented him from filing a timely petition in federal court.

---

[4]  There is nothing to suggest that Poindexter's mental impairments or educational limitations changed between the August 21, 2000, forensic report and the period during which he could have filed a timely petition.

7

Third, Poindexter's state court challenges make very little mention of his mental impairments or educational limitations. For instance, he filed a state court petition for post-conviction relief in August of 2006 and challenged his conviction on the following two grounds: 1) he received ineffective assistance of counsel, and 2) his privilege against self-incrimination was violated. See Docket Entry 11, Exhibit 4. He made no mention of his mental impairments or educational limitations. Poindexter filed a state court petition for writ of habeas corpus in October of 2006 and challenged his conviction on multiple grounds. See Docket Entry 11, Exhibit 7. Again, he made no mention of his mental impairments or educational limitations. His failure to make meaningful mention of his mental impairments or educational limitations in those pleadings casts some doubt on the severity of his impairments and limitations.

Last, in March of 2018, Poindexter filed yet another state court petition for writ of habeas corpus. See Docket Entry 11, Exhibit 10. In the petition, he challenged his conviction on multiple grounds but made little mention of his mental impairments or educational limitations. A state trial court judge denied the petition and found, in part, that Poindexter "has not shown that he was or is incompetent …" See Docket Entry 11, Exhibit 10 at CM/ECF 7. The judge's finding is entitled to meaningful weight.

Notwithstanding the foregoing, a showing of actual innocence may excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254. See McQuiggin v. Perkins, 569 U.S. 383 (2013). "The actual innocence exception is demanding and seldom met and 'tenable actual-innocence gateway pleas are rare.'" See Story v. Kelley, 2018 WL 3193807, 1 (E.D. Ark. 2018) (Baker, J.) [quoting McQuiggin v. Perkins, 569 U.S. 386-87]. "A petitioner 'does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" See Id. [quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)].

The actual innocence gateway affords Poindexter no benefit here. He has offered no new evidence suggesting that he is innocent. In short, he cannot show that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Given the foregoing, Poindexter's petition is untimely as it was filed several years after the conclusion of the one-year period. There is no reason for tolling the one-year period or otherwise excusing the untimely filing of his petition. It is therefore time barred. The undersigned recommends that the petition be dismissed, all requested relief be denied, and judgment be entered for Payne.

DATED this 20th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE